# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MIKE C. ALVAREZ,
               Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
               Agency.

DOCKET NUMBER
DE-0752-16-0244-I-1

DATE: September 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Mike C. Alvarez</u>, Tucson, Arizona, pro se.

<u>Callie LeRoy</u>, Esquire, and <u>Cassidy James</u>, Esquire, Tucson, Arizona,
    for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Prior to his alleged involuntary retirement at issue in this appeal, the appellant was employed by the agency as a GS-6 Law Enforcement Communications Assistant. Initial Appeal File (IAF), Tab 18 at 24. In 2013, the appellant requested a reasonable accommodation for his hearing impairment, but subsequently declined the agency's proposed accommodations and an offer of reassignment.[2] *Id.* at 25, 49-50, 52-53, 56-57, 66-68. On January 26, 2015, the agency proposed to remove him due to his inability to perform the essential functions of his position with or without a reasonable accommodation. IAF, Tab 17 at 28‑31. In March 2015, the appellant notified the agency that he had decided to wear a hearing aid in order to perform the duties of his position and asked that the agency not impose the proposed removal. IAF, Tab 16 at 33. On August 12, 2015, agency counsel emailed the appellant's representative a settlement offer, which provided, in relevant part, that the agency would hold the appellant's removal in abeyance for 2 years in exchange for the appellant's

---

[2] Although the appellant's doctor recommended that he wear a hearing aid, he declined to do so for "cosmetic reasons." IAF, Tab 18 at 42, 53.

agreement to wear a hearing aid while on duty and to submit medical documentation establishing that he could perform the essential functions of his position with the hearing aid within 15 days of the effective date of the agreement. IAF, Tab 17 at 10‑15, 38. The parties entered into the agreement on August 24, 2015. *Id.* at 15.

¶3 According to the appellant, the earliest appointment he could schedule with his doctor was on September 9, 2015, 1 day after the expiration of the 15‑day period to provide medical documentation under the settlement agreement. *Id.* at 11, 15; IAF, Tab 19 at 77-79. Believing he would be unable to the meet the 15-day deadline, the appellant decided to retire rather than risk being terminated under the terms of the settlement agreement. IAF, Tab 19 at 79. On August 28, 2015, the appellant submitted his application for immediate retirement. IAF, Tab 18 at 19‑22, 24.

¶4 On September 30, 2015, the appellant filed a formal equal employment opportunity (EEO) complaint alleging that the agency discriminated against him on the bases of his sex and disability and engaged in reprisal for prior EEO activity and forced him to retire. IAF, Tab 19 at 44-49. Specifically, he alleged that he was forced to retire because: (1) the agency placed him on absence without leave (AWOL) status on August 3, 4, 12, and part of August 13, 2015, after he was injured in a car accident;[3] (2) the agency imposed an "impossible deadline" in the settlement agreement; (3) his supervisors refused "to show compassion and to listen"; and (4) he feared "getting terminated if [he] returned

---

[3] According to the appellant, he was involved in a car accident on August 1, 2015, which left him "incapacitated for several weeks." IAF, Tab 1 at 11. The agency determined that he failed to properly request leave for all of his absences and coded his absences on August 3, 4, 12, and part of August 13, 2015, as AWOL. IAF, Tab 20 at 26-29, 34-35. The appellant requested leave for these dates under the Family and Medical Leave Act of 1993, but failed to submit the appropriate paperwork provided to him to finalize his request. IAF, Tab 19 at 108-09, Tab 20 at 4-9, Tab 21 at 5, 47. On August 24, 2015, the appellant requested advanced leave for the period from August 31 to September 4, 2015, but the agency denied his request. IAF, Tab 20 at 11.

to work." *Id.* at 48. On March 14, 2016, the agency issued its final agency decision denying the appellant's discrimination claim and notifying him of his right to file a mixed‑case appeal with the Board. *Id.* at 5-13.

¶5      The appellant timely appealed his alleged involuntary retirement to the Board and requested a hearing. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and ordered him to submit evidence and argument amounting to a nonfrivolous allegation that his retirement was involuntary because of duress, coercion, or misrepresentation by the agency. IAF, Tab 3. Both parties responded, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 8, 11-21, 24. In an initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that his retirement was involuntary on the basis of misinformation, intolerable working conditions, duress, or the threat of an unjustified adverse action, and dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 25, Initial Decision (ID).

¶6      The appellant has filed a petition for review of the initial decision and a supplement to his petition for review containing additional attachments that were too large to file electronically.[4] Petition for Review (PFR) File, Tabs 1-2. The agency has responded in opposition to his petition for review. PFR File, Tab 4.

¶7      Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

---

[4] The attachments to the appellant's petition for review include an annotated copy of the initial decision and other pleadings and documents from the record below. PFR File, Tab 1 at 7-37, Tab 2 at 7-37, 40-132. Because all of the documents are from the record below, they are not new and do not provide a basis for review. PFR File, Tabs 1-2; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new); 5 C.F.R. § 1201.115 (setting forth the Board's criteria for granting a petition for review).

However, an appellant may overcome the presumption of voluntariness by showing that his retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 16. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue. *Id.*

¶8        On review, the appellant challenges the administrative judge's finding that he failed to nonfrivolously allege that his retirement was involuntary, arguing that the agency coerced his retirement through harassment and intimidation when it coded his absences as AWOL, failed to cooperate with him or assist him in obtaining leave after his vehicle accident, and required him to provide medical documentation by a nonnegotiable and "unachievable" 15-day deadline.[5] PFR File, Tab 1 at 4‑6. He also contends that the administrative judge was biased against him and failed to consider relevant evidence. *Id.* at 5.

¶9        To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of his resignation or retirement, he had no realistic alternative but to resign or retire, and his resignation or retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *Vitale v. Department of*

---

[5] The appellant does not challenge the administrative judge's findings that he failed to nonfrivolously allege that his retirement was involuntary based on misinformation or the unjustified threat of an adverse action. PFR File, Tabs 1-2; ID at 7‑10, 14. Because the appellant has not challenged these findings, and because we discern no error in the administrative judge's well‑reasoned findings regarding these matters, we will not disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105‑06 (1997) (finding no basis to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

*Veterans Affairs*, 107 M.S.P.R. 501, ¶ 19 (2007). The doctrine of coerced involuntariness is "a narrow one" and does not apply if the employee retires because he "does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels that he has no realistic option but to leave." *Staats*, 99 F.3d at 1124. "[T]he fact than an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make [his] decision any less voluntary." *Id.*

¶10      When, as here, the employee alleges that the agency took actions that made his working conditions so intolerable that he was driven to an involuntary retirement, the Board will find his retirement involuntary only if he demonstrates that the agency engaged in a course of action that made his working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. As the administrative judge correctly determined, the appellant's contentions regarding the agency's uncooperativeness, the unfavorable terms in the settlement agreement, and management's decision to designate absences as AWOL do not evince the type of intolerable working conditions that would compel a reasonable person in the appellant's position to retire. ID at 10-14; *see, e.g.*, *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that the appellant's allegations that his supervisor denied his request for advanced leave, spoke to him in a disrespectful way, and did not provide him any assistance with his work assignments did not evince intolerable working conditions).

¶11      We further agree with the administrative judge that the appellant has failed to nonfrivolously allege that the agency's decision to place him on AWOL rendered his retirement involuntary. ID at 12, 15-16. When an employee is faced with the unpleasant alternative of retiring or being subjected to an adverse action, the resulting retirement cannot be considered involuntary unless the employee shows that the agency lacked reasonable grounds for taking or threatening to take

the adverse action. *See Terban v. Department of Energy*, [216 F.3d 1021](), 1026 (Fed. Cir. 2000) (explaining that, where an employee claimed that his retirement was involuntary because the agency threatened to convert his approved leave period to leave without pay, he had to show by preponderant evidence that the agency's threat was made without a reasonable basis). Here, the appellant argues that the agency's decision to place him in AWOL status was wrong or unfair because his supervisors did not cooperate with him in obtaining approved leave, he attempted to call his supervisors on the days he was charged with AWOL, and the agency waited almost 2 weeks after charging him with AWOL to notify him of the AWOL charge. IAF, Tab 8 at 1, 3, 5; PFR File, Tab 1 at 5‑6. Even if these allegations are true, however, they would not establish that the agency lacked reasonable grounds to code the appellant's absences as AWOL or that it knew that the reasons for its action could not be sustained. *See Terban*, 216 F.3d at 1026. Thus, the appellant has failed to nonfrivolously allege that his retirement was involuntary because the agency lacked a reasonable basis to place him in an AWOL status.

¶12    We likewise find that the appellant's complaints regarding the terms of the settlement agreement do not constitute nonfrivolous allegations that his retirement was involuntary. As noted above, the appellant argues that the 15-day deadline for providing medical evidence under the terms of the settlement agreement was nonnegotiable and "unachievable" and forced him to retire. PFR File, Tab 1 at 4-5. Although the appellant was concerned that he would be unable to meet the 15-day deadline agreement and that the agency would terminate him pursuant to the agreement, he has failed to nonfrivolously allege that an improper action by the agency deprived him of a meaningful choice in this regard. *See Staats*, 99 F.3d at 1124. First, the fact that the appellant agreed to terms of a settlement agreement that he came to regret does not indicate any improper act by the agency. Second, he had meaningful options available to him even after he came to believe he would not be able to meet the 15-day deadline;

such as, among other things, requesting an extension to provide medical documentation or finding another medical provider who could accommodate his time restraints. We further note that the appellant acted precipitously, submitting his application for retirement well within the 15-day deadline to provide the medical documentation without requesting an extension to the 15-day period. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 29 (2000) (stating that, in establishing an involuntary discharge, "an employee has an obligation to act reasonably, not assume the worst, and not jump to conclusions too quickly"). In any event, even if the agency would have removed him for failing to provide the medical documentation within 15 days pursuant to the settlement agreement, the "unpleasant situation" and "unattractive options" available to him at that time did not render his ultimate choice to retire involuntary. *See Staats*, 99 F.3d at 1124. Thus, we agree with the administrative judge that the appellant failed to nonfrivolously allege that the deadline under the settlement agreement rendered his retirement involuntary. ID at 15

¶13     Additionally, the appellant's complaints that the agency's actions were retaliatory do not constitute nonfrivolous allegations that his retirement was involuntary. PFR File, Tab 1 at 5‑6. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness, i.e., whether, under all of the circumstances, the agency made the appellant's working conditions so difficult that a reasonable person in his position would have felt compelled to retire. *Vitale*, 107 M.S.P.R. 501, ¶ 20. Here, the appellant's allegation that the agency acted in a retaliatory manner, even if proven true, does not establish that the agency engaged in a course of conduct that made his working conditions so difficult that a reasonable person in his position would have felt compelled to retire.

¶14     Finally, we find no merit to the appellant's contention on review that the administrative judge was biased or prejudiced against him. PFR File, Tab 1 at 5.

In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Here, the appellant's vague complaints about the administrative judge's handling of this appeal fail to overcome this presumption. Likewise, his complaints regarding the administrative judge's alleged failure to consider evidence, which he deems favorable to his case, do not establish error in the initial decision. It is well established that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.